IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MICHAEL T. BECKLEY,

    Plaintiff,

V.                                      CIVIL ACTION NO. 3:04-0737

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on October 29, 2002, alleging disability commencing April 28, 2000, as a consequence of spinal stenosis and a disc problem. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-three years of age and had obtained a high school education plus one year of college. His past relevant employment experience consisted of work as a mechanic, auto body shop owner, and salesman. In his decision, the administrative law judge determined that plaintiff suffers from "chronic lumbar spine strain," an impairment he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge found that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. As the administrative law judge noted, plaintiff had filed a prior application which was denied by administrative law judge decision dated April 18, 2002, and appealed no further. The current applications list an alleged onset date of April 28, 2000, which the administrative law judge considered to be an implied request for reopening. Noting that plaintiff had not submitted any new evidence material to the period covered by the earlier decision, and finding no other good cause for reopening, the administrative law judge determined that the prior decision could not be reopened and that consideration of plaintiff's current claims would be from April 19, 2002 forward. Plaintiff has not objected to this determination.

Plaintiff testified that he has experienced back pain since before April of 2000 when he claims a physician told him he could no longer work. The pain in his back radiates down the left

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

leg to the knee and with too much standing or walking goes all the way to the ankle. More recently, he has experienced some radiation into the right leg. He reported he could lift between five and ten pounds, sit fifteen to twenty-five minutes at a time, stand fifteen to twenty minutes and walk a city block. Treatment, consisting of physical therapy, a TENS unit and medication, has been conservative although plaintiff testified that he wanted to get insurance so he could have surgery to "fix" his back and allow him to get back to work. He later admitted, however, that no doctor had told him he needed surgery.

The medical evidence reflects plaintiff went through a course of physical therapy in August and September of 2000 and again from May 15, 2001 through September 18, 2001. An MRI performed on October 2, 2001, was interpreted as showing a moderately prominent bulging annulus at L4-5 with "significant" acquired stenosis at this level. Dr. M. Jerry Day, a neurosurgeon, expressed the opinion shortly after this imaging was done that plaintiff was not then a surgical candidate. Plaintiff next had another course of physical therapy which included pool therapy. He also started college in January of 2002 but had difficulty sitting through his classes secondary to leg pain.

A functional capacity evaluation conducted on February 19, 2002, reflected that plaintiff was able to perform work at the light level of exertion with occasional lifting of twenty pounds and frequent lifting of ten pounds. He could sit eighty-three minutes before having to change position, stand forty-seven minutes without moving around and did not need to lie down. Testing reflected his subjective reports of pain were not reliable. Reports from physical therapy and from Wayne County Family Practice demonstrate few abnormalities of the back.

Dr. Mark Burns performed a consultative evaluation for the Commissioner on January 9, 2003, and reported positive straight leg raising on the left as the only abnormality he found. Plaintiff had full range of motion without neurological deficit. This physician did not place any restrictions on plaintiff nor did the first state agency medical advisor who reviewed the evidence and opined on January 27, 2003, that no limitations were established. A second evaluator felt plaintiff could perform a full range of medium work as of July 13, 2003. On November 5, 2003, when plaintiff began treatment with Gary Cremeans, M.D., he reported he had to quit college because he could not sit long enough.

Evidence submitted to the Appeals Council includes a March 1, 2004 report from Dr. Cremeans reflecting plaintiff's complaint that his hip pain was worsening and he was having radiation down the right leg. An MRI performed ten days later was interpreted, similar to that from October, 2001, as demonstrating a moderate L4-5 disc bulge causing mild canal and bilateral foraminal narrowing, greater on the right.

While plaintiff testified he was experiencing anxiety and panic attacks, the administrative law judge found insufficient impact on his functioning to conclude that these were "severe" mental impairments. The medical evidence shows a complaint of panic attacks and increased anxiety to the treating physician at Wayne County Family Practice on January 21, 2003. The rest of this report is illegible, but plaintiff was apparently started on the medication Paxil as he called in to this office on February 25, 2003, and said he felt much better with this medication. He also contacted the social security office on March 12, 2003, reporting that this medication was helping with his anxiety and he was feeling "pretty good." While he was apparently referred to a local psychiatrist, he did not receive any psychiatric treatment due to an inability to pay for it. The

administrative law judge noted that plaintiff's reports as to his daily activities, social functioning and ability to maintain concentration and attention indicated these areas were not significantly limited due to a mental impairment. He thus concluded plaintiff's anxiety was nonsevere. This finding is clearly supported by the evidence.

With regard to plaintiff's physical residual functional capacity, it is observed that there were no opinions that he was unable to work. Considering the state agency medical advisor's opinion as to medium level work, the functional capacity evaluation results and the finding by the prior administrative law judge of an ability to perform sedentary level work, the administrative law judge concluded that the functional capacity evaluation results were the most consistent with the evidence, which he noted contained minimal abnormal findings and with the MRI's which did not show a herniated disc or other condition that appeared to be causing nerve root irritation. Substantial evidence in the record amply supports his finding that plaintiff was limited to light work with the ability to stand and walk three hours total in a workday, only twenty to thirty minutes at a time, and to climb, balance, stoop, kneel, crouch and crawl only occasionally.

While plaintiff complained of very significant restrictions on his activities due to pain, the administrative law judge, taking account of the evidence as well as his observations of plaintiff at the hearing, concluded that his testimony was not entirely credible. Persuasive to him were inconsistencies between plaintiff's stated capabilities and what the functional capacity evaluation showed he could do as well as between his testimony as to whether he had been advised to have surgery and what Dr. Day's report reflects. In view of the evidence, and taking account of the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989

(4th Cir. 1984).  Finally, in response to hypothetical questioning which included plaintiff's age, education, work experience and a reasonably accurate profile of his functional capacity and overall medical condition, a vocational expert testified that there were significant numbers of light and sedentary jobs in the national economy which plaintiff could perform.

Resolution of conflicts in the evidence is within the province of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), and if the Commissioner's findings are supported by substantial evidence this Court is bound to uphold the decision.  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  In the present case, the evidence, though somewhat conflicting, provides substantial support for the Commissioner's findings with respect to plaintiff's impairments and residual functional capacity.  Under such circumstances, the decision of the Commissioner should be affirmed.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and

Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

        The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

        DATED: September 12, 2005

        _____
        MAURICE G. TAYLOR, JR.
        UNITED STATES MAGISTRATE JUDGE